UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLE L. MAYHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13CV00175 AGF |
| ) | |
| BERMAN & RABIN, P.A., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., is before the Court on Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(3)(A) and Defendant's motions for an extension of time to respond to discovery requests and to quash a deposition. Plaintiff asserts that Defendant failed to file timely Rule 26(a)(1) disclosures, and only made its disclosures after Plaintiff filed a motion for sanctions. In addition, Plaintiff asserts that Defendant's disclosures contain insufficient information to comply with Rule 26. Defendant concedes that its Rule 26(a)(1) disclosures were untimely, but asserts that the motion for sanctions should be denied because the delinquency was substantially justified.

For the reasons set forth below the Court will reserve ruling on the Plaintiff's motion for sanctions until such time as Defendant supplements its Rule 26(a)(1) disclosures. In addition, the Court will deny Defendant's motion to quash or in the alternative for a protective order and grant its motion for extension of time.

**Motion for Sanctions**

Background

Pursuant to the Case Management Order in this matter the parties were required to make their Rule 26(a)(1) disclosures on or before May 24, 2013.  Defendant failed to file timely disclosures but asserts that due to an "IT error," the calendared deadline for the Rule 26(a)(1) disclosures was deleted from Defendant's calendar, causing it to miss that deadline.  Plaintiff's counsel contacted Defendant's counsel on May 31, 2013, to request that Defendant make its disclosures immediately.  Defendant asserts that it e-mailed the requested disclosures to Plaintiff on June 4, 2013.  Defendant also asserts that the June 4 e-mail included a Draft Protective Order for Plaintiff's review.

Plaintiff's counsel asserts that he did not receive the June 4 e-mail or the attached protective order.  Plaintiff's counsel also points out that although he never received a copy of the Draft Protective Order, Defendant subsequently submitted it to the Court as a "stipulated order."  Finally, Plaintiff asserts that the Rule 26 disclosures Defendant ultimately made were inadequate.

Defendant contends that until it received the motion for sanctions on June 14, 2013, it believed that Plaintiff had received the June 4 e-mail.  Defendant now concedes that Plaintiff never received the June 4 e-mail.  It asserts however that this delinquency should be excused as substantially justified because this second "IT error," was "presumably due to an electronics transmission error beyond the knowledge and control of" Defendant.   Doc. No. 33 at ¶ 6.

Applicable Law

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  In determining whether a Rule 26(a) violation is "substantially justified or harmless," courts are directed to consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Rodrick v. Wal–Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (internal citations and quotations omitted); *see also Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003).  In making this determination a court need not make explicit findings concerning the existence of a "substantial justification or the harmlessness." *Id.* at 1097.

Under the Federal Rules of Civil Procedure the failure to make a timely disclosure is equivalent to failure to disclose. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998).  In addition, an incomplete or evasive disclosure also is treated as a failure to disclose. *See* Fed. R. Civ. P. 37 (a) (4).  "When a party fails to provide information or identify a witness in compliance with Rule 26(a). . . the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692(8th Cir. 2008).

Discussion

The Court finds Defendant's explanation for the late disclosures questionable. Generally, the non-delivery or failure of a party's e-mail is readily and immediately evident to that party. At the very least, Defendant's failure to discover and correct the failed delivery of the June 4 e-mail in the two week period prior to the filing of the motion for sanctions indicates a severe lack of attention to the proceedings in this case. But the Court need not determine whether Defendant's "IT malfunctions" constitute substantial justification for its untimely responses because it finds Defendant's Rule 26(a) responses cursory and uninformative at best.

The disclosures on file do no more than indicate that Defendant plans to call "witnesses from Defendant's firm." Such responses do not meet the minimum standard for adequate disclosure under Rule 26(a)(1)(A)(i) and the Court will require Defendant to supplement them with the information required under the Rule. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information. . . .").

Inasmuch as Defendant offers no justification for its incomplete, evasive disclosures the Court also must consider whether a sanction is warranted. On the record before it the Court cannot determine the degree of prejudice, if any, accruing to Plaintiff as a result of Defendant's delinquent and inadequate Rule 26 disclosures. There is no doubt, however, that this issue has delayed and increased the expense of discovery. Nevertheless, at this early stage of the litigation, much of the prejudice to Plaintiff will

likely be cured by Defendant's prompt supplementation of its responses.  Therefore, the Court will order Defendant to file complete and thorough Rule 26(a) disclosures and will withhold its ruling on the Plaintiff's motion for sanctions until such time as Defendant supplements its evasive disclosures.  Plaintiff may supplement her motion for sanctions within seven (7) days of the filing of Defendant's supplemental disclosures.

**Motion to Quash**

Background

Defendant moves to quash a deposition subpoena Plaintiff served on Daniel E. Kuhn ("Kuhn").  Kuhn is an attorney and former employee of Defendant who represented Citibank, N.A, in a state court case ("the Citibank case") that also involved Carole Mayhall, Plaintiff in this case.  The parties agree that Citibank, N.A, represented by Berman & Rabin, Defendant in this case, obtained in state court a default judgment against Mayhall for damages and attorney's fees.  Subsequently, Mayhall demonstrated that in the course of its representation of Citibank, N.A., Berman & Rabin violated Missouri Supreme Court Rule 74.06(b)(2).  As a result of this violation the state court vacated the award of attorney's fees.

Defendant objects to Kuhn's deposition as duplicative because Kuhn also was deposed in the Citibank case.  In the alternative, Defendant asserts that the information sought from Kuhn is irrelevant and somehow subject to a higher standard of relevancy because Kuhn is not a party to this case.  Plaintiff responds that Defendant lacks standing to challenge as burdensome or duplicative the deposition subpoenas directed at Kuhn, a non-party.  Plaintiff contends in the alternative, that even if Defendant has standing to

challenge the relevance of the information sought through the proposed deposition, a single standard of relevance applies in discovery and Defendant has not sustained its burden to demonstrate lack of relevance here.

Applicable Law

A party "does not have standing to lodge objections to the issuance of third-party subpoenas to "protect" the third party from undue burden, inconvenience, and the like." *Streck, Inc. v. Research & Diagnostic Sys, Inc*., No. 8:06CV458, 2009 WL 1562851, at*3 (D. Neb. Jun. 1, 2009). "In general, '[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.'" *Smith v. Midland Brake, Inc*., 162 F.R.D. 683, 685 (D.Kan.1995); (quoting *Mawhiney v. Warren Distrib., Inc*., No. 8:05cv466, 2007 WL 433349 at *1, (D. Neb., Feb. 7, 2007), *aff'd*, 283 Fed. Appx. 424, No. 07–2753 (8th Cir. Jul. 10, 2008); *see also Minnesota Sch. Bds Ass'n Ins. Trust v. Emp'rs Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N. D. Ill. 1999).

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. Rule 26(b) (1). "Relevance" within the meaning of Rule 26(b)(1) is a considerably broader concept than "relevance" for purposes of trial. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (explaining that under Rule 26(b)(1) "[r]elevant information [for purposes of discovery] need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence"). But the meaning of "relevancy" with respect to a third party subpoena has the same broad scope as otherwise permitted under the discovery rules. *See, e.g.*, 8 Charles Wright & Alan Miller, Federal Practice and Procedure § 2452 (3d ed. 2008).

Although the concept of "relevance" is generously construed, the Court has the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a subpoena or other discovery request. Rule 26(c) (1). The party seeking a protective order must show good cause for its issuance. *Id.*

Discussion

The Court agrees that Defendant lacks standing to challenge this third party subpoena as burdensome or duplicative, because Defendant has not shown that the proposed deposition is likely to elicit information subject to a privilege or right belonging to Defendant. *Streck,* 2009 WL 1562851, at*3; *see also Mawhiney*, 2007 WL 433349 at *1. Defendant does, however, have standing to quash the subpoena or move for a protective order if a third-party subpoena seeks irrelevant information. *See Streck,* 2009 WL 1562851, at *3;s*ee also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc*., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

However, even if the Court assumes that Defendant has standing to challenge this subpoena on the grounds of relevance, the Court concludes that Defendant cannot demonstrate "good cause" because the subpoena seeks relevant information. The fact that Kuhn also was deposed in another matter to which Plaintiff was a party does not render this deposition duplicative or irrelevant. As Plaintiff points out this is an entirely

different lawsuit involving a different defendant, different legal and factual issues and different affirmative defenses.  In addition, there is no indication on the present record that the information sought is not reasonably calculated to lead to the discovery of admissible evidence and therefore relevant.  *See* Fed. R. Civ. P. 26(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall supplement its Rule 26 (a) disclosures **and file a copy thereof with the Court** on or before **Wednesday, August 28, 2013**.  Plaintiff may supplement her motion for sanctions on or before **September 4, 2013**.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time to complete discovery responses is **GRANTED**.  (Doc. No. 41.)  Defendant is granted until **Wednesday, August 28, 2013**, to provide its responses to Plaintiff's First Requests for Production.

**IT IS FURTHER ORDERED** that Defendant's motion to quash the deposition subpoena directed to Daniel E. Kuhn or for protective order is **DENIED**.  (Doc. No. 42.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2013.