UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLE MAYHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV0175 AGF |
| | ) | |
| BERMAN & RABIN, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, Plaintiff Carole Mayhall asserts that Defendant Berman &Rabin, P.A., violated the FDCPA by attempting to collect a fixed percentage of attorney's fee in a state court collection action to recover credit card debt.

Now before the Court are Plaintiff's motion for discovery sanctions (Doc. No. 31), Defendant's motion for entry of a stipulated protective order (Doc. No. 50), and Defendant's unopposed request for leave to file an amended answer to Plaintiff's first amended complaint (Doc. No. 45).  For the reasons set forth below, the motion for sanctions will be denied and the remaining motions will be granted.

**I. Motions for Sanctions and Protective Order**

As more fully explained in this Court's Memorandum and Order of August 21, 2013, Defendant twice failed to make timely disclosures under Federal Rule of Civil Procedure Rule 26(a)(1) and failed to deliver a copy of a proposed protective order to Plaintiff before presenting it to the Court as a stipulated order.  Thereafter, Plaintiff's

counsel filed a motion for sanctions. In response, Defendant asserted that it failed to make the disclosures and deliver the protective order due to "IT errors," affecting its calendaring of deadlines and email transmissions. Defendant asked the Court to excuse its delinquency because the "IT errors" were "due to an electronics transmission error beyond [Defendant's] knowledge and control." Doc. No. 33 at ¶ 6.

On August 21, 2013, the Court entered an order requiring Defendant to supplement its Rule 26(a)(1) disclosures and to provide Plaintiff with a copy of the proposed protective order. The Court reserved its ruling on the Plaintiff's motion for sanctions until such time as Defendant filed its supplemental responses and also permitted Plaintiff to supplement its pleadings in support of the motion to further explain the prejudice it suffered as a result of Defendant's delinquencies. Thereafter, Defendant filed the supplemental disclosures and provided Plaintiff with the proposed protective order. Plaintiff did not supplement the motion for sanctions and the time to do so has expired.

Under Rule 37, a failure to disclose under Rule 26(a) may be deemed "substantially justified or harmless," after consideration of the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal–Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (internal citations and quotations omitted); *see also* Fed. R. Civ. P 37(b) (2). The failure to make a timely disclosure is equivalent to a failure to disclose, *Trost v. Trek Bicycle Corp.*, 162 F.3d

1004, 1008 (8th Cir.1998), as is an incomplete or evasive disclosure.  *See* Fed. R. Civ. P. 37 (a) (4).  When a party fails to disclose in compliance with Rule 26(a) "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

As it previously noted, the Court finds Defendant's explanation for the late disclosures questionable, and indicative, at the very least, of a severe lack of attention to the proceedings in this case.  Nevertheless, the tardy and inadequate disclosures were corrected early in this litigation and much of the prejudice to Plaintiff cured by Defendant's prompt supplementation of its responses.  On the record before it at the time of the August 21, 2013 ruling, the Court noted that it was unable to determine the degree of prejudice, if any, accruing to Plaintiff.  As Plaintiff has not supplemented her briefing with respect to the issue of prejudice, the Court cannot say that the imposition of sanctions is warranted here.  *Rodrick*, 666 F.3d at 1096-97.

Further, as Defendant has now provided Plaintiff with the proposed protective order and Plaintiff has lodged no objection to it, the motion for entry of the protective order will be granted.

## II. Motion for Leave to File an Amended Answer

Defendant moves the Court for leave to file an amended answer pursuant to Rule 15 which expressly provides that leave to file amended pleadings should be freely granted.  Fed. R. Civ. P. 15(a).  Plaintiff has not opposed the motion and there is no indication of undue delay, bad faith, or prejudice to opposing parties, factors that would

militate against the grant of such leave.  *See Bell v. Allstate Life Insurance Co.,* 160 F.3d 452, 454 (8th Cir. 1998).  As such, the motion for leave to amend will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for sanctions is **DENIED**. (Doc. No. 31.)

**IT IS FURTHER ORDERED** that Defendant's motion to file an amended answer to Plaintiff's first amended complaint is **GRANTED**.  (Doc. No. 45.)  The Clerk of Court shall detach the amended answer (Doc. No. 45-1) filed as an exhibit to the motion for leave and docket it as Defendant's amended answer.

**IT IS FURTHER ORDERED** that Defendant's motion for Protective Order is **GRANTED**.  (Doc. No. 50.)  A signed Protective Order in the form of Doc. 51-1 shall be filed separately.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2014.