UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLE MAYHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV0175 AGF |
| | ) | |
| BERMAN & RABIN, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this action Plaintiff Carole Mayhall asserts that Defendant Berman & Rabin, P.A., acting as counsel for Citibank (South Dakota), N.A. ("Citibank"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by seeking an unreasonable attorney's fee in conjunction with the collection of a debt. Specifically, Plaintiff contends that the attempt to collect the attorney's fee violated four provisions of the FDCPA: §§ 1692e(2)(A), 1692e(2)(B), 1692e(10), and 1692f(1). Now before the Court are Defendant's motion for summary judgment and Plaintiff's motion for summary judgment as to liability. For the reasons set forth below, Defendant's motion for summary judgment is granted, and Plaintiff's motion for summary judgment with respect to liability is denied.

## BACKGROUND

**I. The Facts**

The pleadings, depositions, and affidavits on file demonstrate the following relevant facts, which are undisputed except as otherwise noted:

Pursuant to a credit card agreement between Plaintiff and Citibank, Plaintiff agreed to pay a "reasonable attorney fee" in the event that Citibank was required to sue to collect any unpaid balance on her account. On June 17, 2011, Citibank sued Plaintiff in the Associate Circuit Court for the City of St. Louis (the "State Court Action") to recover outstanding credit card balance. Defendant, a law firm regularly engaged in the collection of consumer debts, represented Citibank in the State Court Action. Defendant was under contract to Citibank to handle its collection matters in exchange for 19% of the outstanding debt exclusive of any attorney's fees awarded to Citibank.

Plaintiff received service of the summons and complaint in the State Court Action, but did not answer or otherwise respond. On August 22, 2011, Defendant appeared in state court on behalf of Citibank and presented a memorandum and proposed default judgment seeking a judgment against Plaintiff in the amount of the outstanding credit card balance of $12,338.98, and $1,850.85 in attorney's fees. *See* Doc. No. 61-7. It is undisputed that the attorney's fee request was equivalent to 15% of the outstanding credit balance, but the motion for default judgment only stated the dollar amount of the fee sought. On August 22, 2011, the state court granted Citibank's motion for default judgment, and entered the proposed judgment.

Almost one year later, on August 20, 2012, Plaintiff filed a motion to vacate, or in the alternative, for relief from the judgment. Defendant filed a response to this motion on behalf of Citibank in which it argued that courts are not required to use the loadstar method; there is nothing unlawful in simply requesting fees based on a percentage basis; and the state court could, in its discretion, award such an amount. It appears that the

motion was partially heard on September 10, 2012, and that the parties thereafter conducted discovery, including taking the deposition of Daniel Kuhn, the attorney representing Defendant. An evidentiary hearing on the issue of attorney's fees was held, after which the state court granted the motion and vacated the attorney's fee award. In its decision vacating the default judgment, the state court rejected Citibank's arguments and found that Citibank "improperly calculated its attorney fee without any relation or bearing on the amount of attorney time spent in prosecuting the case." Doc. No. 56-5. The state court further found that "[c]alculating an attorney fee based solely on a percentage of the principal balance due is a misrepresentation to the court and constitutes misconduct of an adverse party." *Id.* The state court concluded that Citibank's actions, through Berman & Rabin constituted misconduct and a misrepresentation of an adverse party, under Missouri Supreme Court Rule 74.06(b)(2).[1] *Id.* Plaintiff asserts that the state court decision implied that Defendant had violated the Missouri Rules of Professional Conduct, Rule 4-1.5, which states: "[a] lawyer shall not . . . charge, or collect an unreasonable fee," a provision the state court cited for "guidance in the

---

[1] Missouri Supreme Court Rule 74.06(b) provides:

> Excusable Neglect--Fraud--Irregular, Void, or Satisfied Judgment. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

determination of attorney's fees." *Id.*[2]

It is undisputed that Defendant kept records of the services provided in connection with the collection of Plaintiff's debt, but did not track the amount of time spent in providing those services. The record shows that between April 14, 2011, when Defendant received the account from Citibank and October 5, 2012, the date of the initial judgment in the State Court Action, approximately 20 of Defendant's employees, including attorneys, paralegals, and support staff, performed tasks associated with Plaintiff's account. *See* Doc. Nos. 54-9 & 54-10. It is also undisputed that before Defendant filed the motion for default judgment, the attorney assigned to the Citibank matter performed only two services, expending no more than twelve minutes in doing so. *See* Doc. No. 56-6. The requested attorney's fee also was based upon services performed by Defendant's attorneys and its support staff before and after entry of the default judgment. The record further establishes that in other similar collection cases Missouri courts have awarded Citibank 15% of the outstanding balance as a reasonable attorney's fee.

## II. Arguments of the Parties

The essence of the parties' dispute is whether Defendant's request for attorney's fees equivalent to 15% of the debt collected violated one of several provisions of the FDCPA. Based on the undisputed facts and circumstances of this case, the Court concludes that it did not.

---

[2] Although Mayhall also argued that Citibank's actions constituted a fraud upon the Court under Rule 74.06(d), the state court made no finding under this provision.

A. <u>Plaintiff's Arguments</u>

Plaintiff asserts that Defendant's request for attorney's fees in conjunction with the default judgment violated the following provisions of the FDCPA: 15 U.S.C. § 1692e(2)(A), prohibiting the false representation of "the character, amount, or legal status of any debt"; 15 U.S.C. § 1692e(2)(B), prohibiting the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"; 15 U.S.C. § 1692e(10), prohibiting "[t]he use of any false representation or deceptive means" in the collection of a debt; and 15 U.S.C. § 1692f(1), prohibiting "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Noting that the credit card agreement authorizes only the recovery of reasonable attorney's fees, Plaintiff argues that an attorney's fee equal to 15% of the outstanding balance is not authorized by the credit card agreement. Plaintiff also contends that the 15% fee was unreasonable per se under Missouri law as evidenced by the state court's decision to vacate the award. Plaintiff further asserts that Defendant sought an award of vastly inflated fees bearing no rational relationship to the services provided and that such amount cannot be considered "reasonable" as required by the credit card agreement.

For these reasons, Plaintiff contends that the request for attorney's fees was not permitted by law in violation of 15 U.S.C. § 1692f(1) and was a false and deceptive representation of the amount of Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B)and 1692e(10). Specifically, Plaintiff argues that the request for fees failed

5

to disclose how the fees were calculated and misrepresented collection costs as attorney's fees in violation of the FDCPA, because some of the fees would be used to compensate Defendant for support staff services as well as attorney services.

B. Defendant's Arguments and Affirmative Defenses

Defendant's primary contention is that the undisputed facts do not demonstrate that its actions violated the FDCPA. Specifically, Defendant argues that Plaintiff has offered no evidence in support of its assertion that the debt at issue is a "consumer debt" within the meaning of the FDCPA. Defendant also asserts that a pleading, like the motion for default judgment at issue here, does not constitute an "attempt to collect a debt" within the meaning of the statute. See 15 U.S.C. § 1692e(10). Defendant further argues that the disputed fee is reasonable under Missouri law, which explicitly permits percentage based attorney's fees of 15% or less in collection actions. *See* Mo. Rev. Stat. § 408.092.³ In addition, Defendant contends that it is not a proper defendant in this suit because it was not a party to the State Court Action in which the alleged FDCPA violation took place. Finally, Defendant asserts several affirmative defenses including the "bona fide error" defense under the FDCPA, waiver, estoppel or res judicata, and

---

³ Mo. Rev. Stat. § 408.092. states in pertinent part that attorney's fees are permitted:

> 1. to enforce a credit agreement, provided that … such fees do not exceed fifteen percent of the outstanding credit balance in default . . . , provided that . . .
>    (1) Such fees are included in the written credit agreement, and are not otherwise prohibited by law; or
>    (2) Such fees do not exceed fifteen percent of the outstanding credit balance in default, provided such credit was extended by a for-profit business or credit union.
> 2. At the court's discretion, additional fees may be awarded to the attorney for the prevailing party. . . .

violation of the FDCPA statute of limitations.

## APPLICABLE LAW

I. **Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine dispute as to any material fact exists and the movant is entitled to judgment as a matter of law." *Fu v. Owens*, 622 F.3d 880, 882 (8th Cir. 2010). The burden of demonstrating the absence of any genuine issue of material fact rests with the movant. *See Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). Nevertheless, a nonmovant may not rest upon mere denials or allegations, but must instead designate the specific facts sufficient to raise a genuine issue for trial. *See Crossley v. Georgia–Pacific Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Self-serving, conclusory statements, without more, are not sufficient to defeat summary judgment. *Armour and Co., v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Moreover, the requirement, on a motion for summary judgment, that facts must be viewed in the light most favorable to the nonmoving party applies only if there is a genuine dispute concerning those facts. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (internal quotation marks and citation omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)(en banc)). Finally,

7

in ruling on a motion for summary judgment, a court may not invade the province of the jury. "Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Gibson*, 670 F.3d at 853.

## II. The FDCPA

The FDCPA is designed "to eliminate abusive debt collection practices by debt collectors" and "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA is a strict liability statute, and a consumer need not show intentional conduct by the debt collector to establish a violation. *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010).

To prevail on her claims for violation of the FDCPA, Plaintiff must prove that she is a consumer and that Defendant is a debt collector within the meaning of the statute; that there was an attempt to collect a debt; and that Defendant violated, by act or omission, a provision of the FDCPA. *See Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).

The Act defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation . . . of a consumer to pay money arising out of a transaction [that was] . . . primarily for personal, family, or household purposes." 15 U.S.C. §1692a(5). A debt collector who violates the FDCPA is liable for any actual damages sustained by the Plaintiff in addition to statutory damages of up to $1,000 and attorney's fees. 15 U.S.C. § 1692k(a). Actual damages include damages for mental anguish, emotional distress, and humiliation.

8

*Jenkins v. E. Asset Mgmt.*, LLC, 4:08 CV 1032 CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009).

## **DISCUSSION**

### I. The Prima Facie Case

Defendant asserts that the undisputed facts before the Court do not demonstrate a prima facie case under the FDCPA.

The first element of the prima facie case is satisfied here because Defendant has stipulated that it is a "debt collector," one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," within the meaning of the FDCPA. 15 U.S.C. § 1692a(6). The parties dispute the remaining elements of Plaintiff's prima facie case: whether Plaintiff is a consumer obligated to pay a consumer debt, *see* 15 U.S.C. §§ 1692a(3) & (5); whether the motion for default judgment in the State Court Action constitutes an attempt to collect a debt or a communication within the meaning of the FDCPA; and whether an attempt to collect a fixed percentage attorney fee constitutes an actionable claim under the FDCPA.

A. Is Plaintiff a Consumer ?

Plaintiff offers an affidavit in support of her allegations asserting that the debt involved transactions "primarily for personal, family, or household purposes." 15 U.S.C. §1692a(5); *see also* Doc. No. 56-3. Defendant asserts that the affidavit is self-serving and insufficient to establish this element of Plaintiff's prima facie case. Upon review of the affidavit, the Court agrees with Defendant that it amounts to nothing more than a conclusory repetition of Plaintiff's allegations, and without more, is insufficient to

survive Defendant's motion for summary judgment with respect to this element of the prima facie case. *Armour and Co.,* 2 F.3d at 279.

B. An Attempt to Collect a Debt

Even if the Court assumes that the debt falls under the aegis of the FDCPA, the question remains whether pleadings in a state court collection action constitute either a "creditor-debtor communication" or an "attempt to collect a debt" within the meaning of the FDCPA. 15 U. S .C. §1692a(2) and 1692e(10). Plaintiff's argument rests on the premise that the FDCPA regulates the contents of complaints, affidavits, and other papers filed in a state court collection action. Although the statute and relevant case law provide that legal pleadings need not be preceded or accompanied by notice to the debtor verifying the amount of the debt, whether the FDCPA controls the contents of legal pleadings filed in collection actions is an unresolved question. *See* 15 U.S.C. § 1692g(d); s*ee also Beler v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, 480 F.3d 470, 473 (7th Cir. 2007) (noting the unsettled nature of the question and assuming without deciding that the FDCPA would apply to pleadings in a collection action).

Once again, the Court need not resolve that question here, because it concludes that even if the FDCPA applies to legal pleadings filed in a collection proceeding, the FDCPA is not violated by a mere request for an award of fees based on a fixed percentage.

C. The Attorney's Fee Request Does Not Violate the FDCPA

A request to a court for an award of an allegedly unreasonable attorney's fee does not, without more, constitute a violation of the FDCPA. *See Bull v. Asset Acceptance,*

10

*LLC*, 444 F. Supp. 2d 946, 950 (D.N.D. 2006) (holding that a claim that the attorney's fees requested are "patently unreasonable" is not sufficient to state a claim under the FDCPA); *see also Kirscher v. Messerli & Kramer, P.A.,* No. 05-1901, 2006 WL 145162, at *5-6 (D. Minn. Jan. 18, 2006) (rejecting a claim that a law firm's attempts to collect, as a reasonable attorney's fee, an amount based on a contingency fee violated the FDCPA). In addition, a challenge to the reasonableness of fees expressly authorized by the agreement creating the debt does not offend the FDCPA. *See Bull*, 444 F. Supp. 2d at 950; *see also Singer v. Pierce & Assoc., P.C.,* 383 F.3d 596, 597-98 (7th Cir. 2004) (holding that no FDCPA violation occurred where credit agreement explicitly permitted the collection of a reasonable fee); *Shapiro v. Riddle & Assocs., P.C.,* 240 F. Supp. 2d 287, 289-90 (S.D.N.Y. 2003), *aff'd*, 351 F.3d 63 (2d Cir. 2003) (holding that it was not an FDCPA violation to include an attorney's fee in a debt collection letter when that fee was authorized by an agreement between the creditor and debtor). Courts hold instead that the reasonableness of attorney's fees must be challenged in the underlying contract or collection action. *See, e.g., Bull*, 444 F. Supp. 2d at 951.

In this case, Defendant requested in the motion for default a specific dollar amount for attorney's fees.[4] Defendant did not, however, assert, nor could it, that the terms of the credit card agreement mandated an award of this dollar amount, because that agreement only assured the recovery of reasonable attorney's fees.

Put another way, the motion is only a request for the trial court to exercise its

---

[4] Had the calculation been done in the state court, it would have been evident that the attorney fee amounted to exactly 15% of the amount of the debt.

discretion to award a specific fee. Apparently the state court did not elect to elicit further information about the attorney fee request before entering judgment. The request itself does not inaccurately characterize the content of the credit card agreement so as to violate the FDCPA. *Compare Winn v. Unifund CCR Partners*, No. CV 06–447–TUC–FRZ, 2007 WL 974099, at *8 (D. Ariz. March 3, 2007) (holding that the FDCPA is not violated by a simple request for a fixed percentage attorney's fee unless the debt collector asserts that the underlying credit card agreement mandates an award of that specific amount) *with Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481, at *1 (W.D. Mich. Sept. 9, 2005) (holding that the FDCPA is violated by a statement in a motion for default judgment that "pursuant to [an] agreement made by [the debtor]," the creditor was entitled to an attorney's fee equivalent to a fixed percentage of the debt).

In sum, because the recovery of reasonable attorney's fees is expressly permitted by the credit card agreement and, as discussed below, a fixed percentage fee is not unreasonable as a matter of law, Defendant's request for approval of such a fee award did not violate the FDCPA's proscription on the collection of amounts not expressly authorized by the agreement or permitted by law. In addition, a request for a fixed percentage fee award, without more, does not constitute a false representation of the character, amount, or legal status of any debt or a false representation or deceptive means of collecting a debt with the meaning of the FDCPA. *See Winn*, 2007 WL 974099, at *8; *see also* 15 U.S.C. §§ 1692e & 1692f.

In support of its argument that the attorney's fee request constitutes a violation of

the FDCPA, Plaintiff relies primarily on an Eighth Circuit case, *Kojetin v. C U Recovery, Inc.,* No. Civ. 97–2273, 1999 WL 1847329 (D. Minn. Mar. 29, 1999), *aff'd*, 212 F.3d 1318 (8th Cir.2000) (per curiam). In *Kojetin*, a credit union referred a note signed by the plaintiff to the defendant collection agency after the note went into default. Under the note, the plaintiff agreed "to pay reasonable attorney's fees and costs incident to collection" of the unpaid balance. *Kojetin*, 1999 WL 1847329, at * 1 n. 1. The plaintiff brought suit alleging that the credit union's notice to the plaintiff validating the amount of the debt and including a fifteen percent fee violated the FDCPA. *Id.* at *1.

A Magistrate Judge issued a report and recommendation concluding that the credit agreement should be construed narrowly, and that "reasonable costs incident to collection" meant the actual costs associated with collection. *Id.* at *1 n.1. Defendant objected to several portions of the Magistrate Judge's analysis, but did not object to this interpretation of the credit card agreement. *Id.*

The district court, in reviewing the report and recommendation, expressed its opinion that "such a narrow construction comports with the spirit of the FDCPA," and in the absence of an objection by the defendant to the interpretation of the credit card agreement, the district court held that actual collection costs "cannot be derived from a fee based solely on a percentage of the outstanding debt." *Id.* at *2 n.3.

The Eighth Circuit affirmed, "agree[ing] with the district court's conclusion that [the collection agency] violated [§1692f(1) of] the FDCPA when it charged [the debtor] a collection fee based upon a percentage of the principal balance that remained due rather than the actual cost of the collection." *Kojetin,* 212 F.3d at 1318. The Eighth Circuit also

13

noted that the percentage fee was wholly unrelated to the actual collection costs. *Id.*

But contrary to Plaintiff's contention, *Kojetin* does not stand for the proposition that every fixed fee request is per se unreasonable. Rather it held that the collection agency's notice violated the FDCPA by including the percentage fee in the lump sum due when the debtor's agreement with the creditor specified that she was liable only for actual costs. *Id.*; *see also Cisneros v. Neuheisel Law Firm, P.C.*, No. CV06-1467, 2008 WL 65608, at *2 (D. Ariz. Jan. 3, 2008) (interpreting *Kojetin* to prohibit the use of a percentage fee only where the credit agreement restricted recovery to actual costs); *Boatley v. Diem Corp.*, No. Civ. 03–0762, 2004 WL 5315892, at *5 (D. Ariz. Mar. 24, 2004) (same). In the present case, however, the underlying credit card agreement provides for the recovery of "reasonable," not actual, attorney's fees. Because a fixed percentage attorney's fee *may*, in the court's discretion, constitute a reasonable attorney's fee in this context, a reading of *Kojetin* that precludes a fixed rate fee in all cases is overbroad and unwarranted.

Plaintiff also asserts that it is entitled to summary judgment because a request for a fixed percentage attorney's fee is *per se* unreasonable under Missouri law. Under Missouri law, the determination of reasonable attorney's fees is committed to the sound discretion of the trial court. *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 523 (Mo. banc 2009); *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980). Missouri courts have set forth a number of factors to consider in assessing a fee award, including the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; the number of hours reasonably expended on the

litigation; the nature and character of the services rendered; the degree of professional ability required; the nature and importance of the subject matter; the amount involved or the result obtained; the vigor of the opposition; and whether the fee is contingent upon the outcome. *See Gilliland*, 273 S.W.3d at 523; *Hill v. City of St. Louis*, 371 S.W.3d 66, 82 (Mo. Ct. App. 2012). "Missouri courts have long held that a contingency fee agreement between an attorney and a client [awarding fraction or percentage] of the money collected is reasonable and customary." *Meyer v. Purcell*, 405 S.W.2d 572, 581 (Mo. Ct. App. 2013). Therefore, it is clear that Missouri law does not prohibit contingent fees and that a fee based upon a percentage of the amount recovered may be found reasonable.

Plaintiff nevertheless asserts that Missouri law prohibits a fixed percentage attorney's fee in collection cases, citing to *Manfield v. Auditorium Bar and Grill*, 965 S.W.2d 262, 268-9 (Mo. Ct. App. 1998). Plaintiff's reliance on *Manfield* is, however, misplaced. In *Manfield* the appellate court reviewed a trial court's award of fees under a provision in a credit agreement which provided for "reasonable attorney's fee in the event suit was brought to collect the notes." *Id.* at 268 (internal quotations omitted). The plaintiff in that case, like this one, had been awarded attorney's fees of 15% of the balance due, and the appellate court reversed, finding the trial court had abused its discretion because the fee award was not supported by the record. *Id. Manfield* does not mandate a conclusion that any request for a fixed percentage fee will be unreasonable. Rather, it places the onus on the trial court awarding the fee to exercise its discretion to determine in each case whether the fixed fee is reasonable. *Id.* at 269. That is what the

state court should have done prior to entering the default judgment.

In addition, the Court notes that Missouri law explicitly allows for fixed fees of 15% or less in credit collection actions. *See* Mo. Rev. Stat. § 408.092. Plaintiff argues that the statute cannot be understood to allow the arbitrary addition of 15% of the amount collected because that interpretation would render the use of the term "attorney's fees" unnecessary and "negate the necessary link between the fee and the enforcement." The Court agrees that the language of the statute implicitly requires that *an award* of attorney's fees bear a reasonable connection to the attorney work involved in collection of the debt, but it does not follow that this requirement renders a fixed percentage fee unreasonable in every case. The Court finds that Defendant's request for a percentage based fee was not somehow precluded by Missouri law. The state court's determination that this particular fee request constituted misconduct or a misrepresentation within the meaning of Rule 74.06(b)(2), allowing relief from a prior judgment, does not make percentage fee requests per se unlawful.

Finally, Plaintiff's contention that Defendant knew that its request for a fixed percentage attorney's fee was unreasonable or contrary to Missouri law also lacks merit. The record establishes just the opposite, indicating that in previous actions, Missouri courts had awarded Citibank 15% of the outstanding balance as a reasonable attorney's fee, and therefore that Defendant had no reason to believe that such fees were contrary to Missouri law. *See* Doc. No. 62-8. Further, the Missouri statute, on its face, gives a trial court the ability to award that amount.

D. Defendant Did Not Misrepresent Collection Costs as Attorney's Fees

Plaintiff also cites to the fact that in discovery in this case Defendant listed, among many factors that it considered in determining the attorney's fees sought, its support systems and the time and labor necessary to enforce the judgment, including that of support staff. *See*, e.g., Doc. No. 56 and 56-7. Plaintiff asserts that as a result, the fees requested were unreasonable as a matter of Missouri law and constituted a false representation of the character, amount, or legal status of the debt in violation of 1692e(2)(A), a false representation of any services rendered or compensation which may lawfully be received in violation of 1692e(2)(B), and the use of deceptive means to collect or attempt to collect a debt in violation of § 1692e(10). Plaintiff also asserts that these amounts were actually collection costs, and that the attempt to collect these amounts violated §1692f(1) because they were not authorized in the credit card agreement or permitted by law.

The Court does not agree. It is well established that time expended and functions performed by an attorney's support staff may be included in an attorney's fee award. *See, e.g.*, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989) (noting that under Missouri law reasonable attorney fees included work by support staff and paralegals); *Mealer v. Service Vending Co., Inc.,* 22 Fed. Appx. 700 (8th Cir. 2002) (considering the activities of attorney's support staff in determining attorney fee award). Therefore, including such services in the calculation of the attorney's fees sought is not per se contrary to Missouri law nor does it constitute a misrepresentation for purposes of the FDCPA. Moreover, it is clear from the record that Defendant, in any event, simply

17

requested the flat percentage fee, without attempting to justify or explain the request in the State Court Petition.

## II. Affirmative Defenses

As noted above, Defendant has raised several "affirmative defenses," and Plaintiff asserts that it is entitled to judgment as a matter of law because Defendant has not established the elements necessary for it to prevail on these defenses. Even assuming this contention to be true, a determination that these defenses were invalid as applied here, would not cure Plaintiff's inability to prove the required elements of her FDCPA claim. Therefore, the Court will deny Plaintiff's motion for summary judgment with respect to liability under the FDCPA.

## CONCLUSION

On the basis of the foregoing, the Court concludes that Defendant's motion for summary judgment should be granted because the undisputed facts fail to establish a prima facie case under the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. (Doc. No. 53.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**. (Doc. No. 55.)

A separate judgment shall accompany this Memorandum and Order.

                                                                               _____
                                                                               AUDREY G. FLEISSIG
                                                                               UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2014.