UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROL MAYHALL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:13CV00175AGF |
| BERMAN & RABIN, P. A., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Carole Mayhall filed this action in the Associate Circuit Court of the City of Saint Louis ("the Circuit Court") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that Defendant Berman & Rabin, P.A. ("Berman & Rabin"), violated the FDCPA when it represented a creditor in a collection action against Plaintiff in the circuit court. Defendant removed the action to this Court and ultimately, this Court granted Defendant's motion for summary judgment on the FDCPA claim. Defendant now moves to recover its costs and attorney's fees asserting that Plaintiff pursued her FDCPA claim in bad faith and for purposes of harassment. For the reasons set forth below, Defendant's motion for costs is granted and Defendant's motion for attorney's fees is denied.

**I. The Bill of Costs**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Plaintiff does not oppose Defendant's Bill of Costs and having reviewed it, the Court concludes that all of the costs Defendant requests are recoverable under 28 U.S.C. § 1920.[1] *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (noting that recoverable costs are those enumerated in § 1920). The Court will therefore exercise its discretion under Rule 54(d) to award Defendant all costs set forth in its Bill of Costs.

**II. The Motion for Attorney's Fees**

Background

Prior to the commencement of this action, Defendant Berman & Rabin represented Citibank (South Dakota), N.A. ("Citibank") in an action for collection of a debt owed under a loan agreement Citibank brought against Mayhall in the Circuit Court ("the

---

[1] Pursuant to 28 U.S.C. §1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Collection Action"). Mayhall, the defendant in the collection action, was served but did not enter an appearance in that case. The Associate Circuit Court therefore entered a default judgment against Mayhall for the amount of the debt at issue and for attorney's fees equal to 15% of the principal recovered as specified by Citibank, who was the plaintiff in that action. On August 20, 2012, Mayhall moved to set aside the portion of the judgment in the Collection Action related to the attorney's fees on the ground that the loan agreement permitted the recovery of "reasonable attorney's fees" but did not permit an award of attorney's fees calculated as a percentage of the recovery under the loan.

On or about that same date, Mayhall filed an action in state court[2] under the FDCPA alleging that Defendant violated various provisions of the FDCPA by seeking to recover liquidated attorney's fees that she alleged were unauthorized by the loan agreement. On January 25, 2013, Defendant removed the FDCPA action to this Court. On February 22, 2013, the Associate Circuit Court granted Mayhall's motion to amend the judgment in the Collection Action and on February 28, 2013, Plaintiff moved to amend her FDCPA complaint in light of that ruling. *See* Doc. Nos. 11-14. Plaintiff was granted leave to amend her complaint and this action went forward. The parties

---

[2] In its notice of removal to this Court, Defendant asserted that the action was filed in the Circuit Court on "January 14, 2013," and that Defendant was served on "January 17, 2012." Doc. No. 1 at 1-2. From other entries in the record, both of these dates appear to be incorrect. The Circuit Court complaint is receipt-stamped "August 20, 2012." *See* Doc. No. 3. In addition, in briefing the present motion, Defendant asserts, and Plaintiff does not deny, that Plaintiff first filed the FDCPA action in the Circuit Court on August 20, 2012, the same day that Plaintiff filed the motion to amend the judgment in the Collection Action. It appears that Defendant was thereafter served on or about January 17, 2013, and timely filed its removal petition. No party is contesting that this matter was timely removed.

conducted discovery and then filed cross motions for summary judgment. *See* Doc. Nos. 53 & 55. Thereafter, the Court denied Plaintiff's motion for partial summary judgment and entered judgment in favor of Defendant on Plaintiff's FDCPA claim. *See* Doc. Nos. 70 & 71.

Arguments of the Parties

Defendant asserts that it is entitled to an award of attorney's fees under either § 1692k(a)(3) of the FDCPA or 28 U.S.C. § 1927 because the sections provide, respectively, that a prevailing defendant may recover attorney's fees where a plaintiff has litigated in bad faith or the plaintiff's attorney has proceeded in a vexatious manner so as to multiply the proceedings. Defendant first contends that Plaintiff's FDCPA claim lacked justification and argues that the case law under the FDCPA fails to support Plaintiff's theory of the case. Defendant next contends that because it prevailed on its motion for summary judgment due to Plaintiff's failure to offer evidence in support of each element of her prima facie case, Plaintiff's claim under the FDCPA lacked a foundation in law and was brought in bad faith and solely for purpose of harassment. Defendant also contends that in granting summary judgment against Plaintiff, "the Court determined that Plaintiff misapplied or misinterpreted every case and statute that she cited in opposition to [Defendant's] Motion for Summary Judgment, and found that her claims had no legal basis as a matter of law." Doc. No. 74 at 4. In addition, Defendant contends that Plaintiff's bad faith is evidenced by the fact that throughout the course of the litigation, Defendant repeatedly informed Plaintiff that Defendant disagreed with

Plaintiff's theory of liability and would seek costs and fees if the litigation continued. *See id*. at 5.

Defendant also asserts that Plaintiff acted in bad faith by filing a motion to amend the judgment in the Collection Action on the same day that she filed the instant FDCPA action in the Associate Circuit Court. Defendant further asserts that by seeking to amend her complaint in this action after the favorable ruling in the Collection Action, Plaintiff improperly relied on the Associate Circuit Court's ruling as "as facts and precedent ostensibly (but erroneously) in support of her FDCPA claims." *Id*. at 5. Defendant also contends that "Plaintiff may very well have dismissed her Complaint entirely if the Circuit Court had ruled otherwise" and that this fact "reinforces a finding that Plaintiff acted in bad faith when she filed her Complaint." *Id.* Finally, Defendant challenges Plaintiff's motive for filing this action stating "it is likely that Plaintiff merely filed the [FDCPA action] to simultaneously discourage collection of the Circuit Court Judgment against her while attempting to extort an early settlement from [Defendant] in the present case." *Id*. at 5-6.

In response, Plaintiff acknowledges that § 1692k(a)(3) of the FDCPA permits an award of attorney's fees to a prevailing defendant. Plaintiff argues, however, that such an award is not permissible here because there is no evidence on this record that she acted in bad faith or for purpose of harassment. Specifically, Plaintiff contends that Defendant offers no factual support for its assertion that Plaintiff knew her claim lacked merit but nonetheless pursued it.

Applicable Law

The purpose of the FDCPA is "to protect consumers from abusive debt collection practices." *Schultz v. Portfolio Recovery Assocs., LLC*, No. 12–CV–2022–LRR, 2012 WL 5332194, at *8 (N.D. Iowa Oct. 29, 2012). Section 1692k(a)(3) of the FDCPA provides for an award of attorney's fees to a prevailing defendant "[o]n a finding by the court that an action . . . was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3); *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1175-76 (2013); *Vogler v. Grier Grp. Mgmt Co.*, 309 S.W.3d 328, 332 (Mo. Ct. App. 2010) (affirming a finding of bad faith and an attendant fee award to Defendant where "there was no justification for the Plaintiff's suit").

In light of the public policy objectives of the FDCPA, courts hold that § 1692k(a)(3) "should be construed narrowly so as not to discourage private litigation under the FDCPA." *Kondratick v. Beneficial Consumer Disc. Co.*, No. 04-4895, 2006 WL 305399, at *10 n. 4 (E.D. Pa. Feb. 8, 2006) (citing *Ayres v. Nat'l Credit Mgmt. Corp.*, No. 90-5535, 1991 WL 274695, at *1 (E.D. Pa. Dec. 17, 1991)). An award of fees under 15 U.S.C. § 1692k(a)(3) is discretionary, but absent "'evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant'" a court may not permit a prevailing defendant to recover attorney's fees. *Allers-Petrus v. Columbia Recovery Grp., LLC,* No. C08–5533 FDB, 2009 WL 1160061, at *1 (W.D. Wash. Apr. 29, 2009) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1013 (N.D. Cal. 2006)). This baseline requirement for an award of fees "insulat[ing] consumers from the prospect of paying

defendants' costs by requiring a finding that the action was brought in bad faith and for harassment is consistent with the stated intent of Congress." *Schultz*, 2012 WL 5332194, at *8; *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 941 (9th Cir. 2007) (reasoning that the FDCPA was not "intended as a sword to be brandished by debtors who have retained counsel–the very debtors least in need of the Act's protections").

Courts also have authority to award attorney's fees under 28 U.S.C. § 1927. Under that section a court may require an attorney who "multiplies the proceedings unreasonably and vexatiously, and, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court'" to pay the fees and costs incurred because of such conduct. *E.E.O.C. v. Trans States Airlines*, 462 F.3d 987, 996 (8th Cir. 2006) (quoting *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)); *see also* 28 U.S.C. § 1927. However, "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation omitted).

A prevailing party in an FDCPA action may pursue an award of attorney's fees under either the FDCPA or under 28 U.S.C. § 1927. *See Marx.*, 133 S. Ct. at 1175-76 (explaining that "[i]t is undisputed that [the FDCPA's attorney's fee provision] leaves the background rules for attorney's fees intact" and that § 1692k(a)(3) "is best read as codifying a court's pre-existing authority to award both attorney's fees and costs"). And under either statute a grant of attorney's fees to the prevailing defendant is subject to the

court's discretion.  *See, e.g.*, *Guerrero,* 499 F.3d at 940-41 (finding that the district court "did not abuse its discretion in denying" the prevailing party an award of fees).

**Discussion**

As an initial matter, the Court holds that Defendant is a prevailing party for purposes of the FDCPA, because the Court granted Defendant's motion for summary judgment on Plaintiff's complaint.  *Cf. Eckert v. LVNV Funding LLC*, 647 F. Supp. 2d 1096, 1105 (E.D. Mo. 2009) (refusing to deem defendant a prevailing party where defendant succeeded on a motion for partial summary judgment).  Nevertheless, on the record before it, the Court concludes that an award of attorney's fees under either 15 U.S.C. § 1692k(a)(3) or 28 U.S.C.§ 1927 is not justified here because there is no evidence that Plaintiff filed or pursued her case in bad faith and for purposes of harassment or that her attorney "unreasonably and vexatiously" multiplied these proceedings.  15 U.S.C. § 1692k(a)(3); 28 U.S.C. § 1927; *see also Allers-Petrus*, 2009 WL 1160061, at *1.

Plaintiff's failure, on a motion for summary judgment, to establish evidence to support each element of her prima facie case does not alone amount to frivolous or bad faith litigation.  *See, e.g.*, *Schlotman v. Citibank*, No. 06–0803–CV–W–DW, 2007 WL 1425474, at *1 (W.D. Mo. May 10, 2007) (denying a request for attorney's fees where the defendant's motion to dismiss for failure to state a claim was granted).  Moreover, despite Defendant's contention to the contrary, Plaintiff's theory of the case is not without precedent.  Plaintiff's claim arguably rests on an expanded interpretation of *Kojetin v. C U Recovery*, *Inc*., No. Civ. 97–2273, 1999 WL 1847329 (D. Minn. Mar. 29,

1999), *aff'd*, 212 F.3d 1318 (8th Cir. 2000) (per curiam), and therefore derives from Eighth Circuit precedent. Although the Court did not adopt Plaintiff's view of that case and her claim was ultimately unsuccessful, it does not follow that she acted in bad faith. *Compare Marshall v. Portfolio Recovery Assocs.*, 646 F. Supp. 2d 770, 776 (E.D. Pa. 2009) (denying attorney's fees when nothing in the record indicated that the plaintiff knew his claim was without merit) *with Rhinehart v. CBE Grp., Inc.*, 714 F. Supp. 2d 1183, 1185-86 (M.D. Fla. 2010) (awarding attorney's fees to the prevailing defendant where a previous request for sanctions had been granted, the complaint recited conclusory boilerplate allegations, and the plaintiff's deposition testimony contradicted those allegations).

Plaintiff asserts and the Court agrees that her reliance upon *Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C.*, 2005 WL 2180481, at * 6-7 (W. D. Mich. Sept. 9, 2005) and cases following it, is not evidence of bad faith. In *Stolicker*, the court found that a law firm violated the FDCPA when it filed a complaint and affidavit in support of a default judgment requesting a liquidated attorney's fee where the authorizing contract permitted only a reasonable attorney fee. *Id*. at 6. In ruling on the motions for summary judgment here, this Court distinguished *Stolicker*, but cannot find that Plaintiff's reliance upon it was so erroneous as to render her claim without justification or a basis under the law. Further, while this Court was not bound by the state court's own characterizations it its orders, the Court notes that the state court described this Defendant's conduct in quite negative terms.

The Court further concludes that much of Defendant's argument that Plaintiff acted in bad faith is no more than unsupported supposition and speculation. For example, assuming without deciding that the two suits were in fact filed on the same day, the concurrent filings are not inherently suggestive of bad faith. In addition, Plaintiff has explained that the concurrent filings were the result of the impending expiration of both the statute of limitations under the FDCPA and the time allotted for the filing of a motion to amend the default judgment. *See* 15 U.S.C. § 1692k(d) (limiting claims under the FDCPA to a one year statute of limitations) *and* MO. SUP. CT. R. § 74.05 (requiring a motion for relief from default judgment within one year of the granting of the judgment). Further, Defendant's assertions that Plaintiff filed both suits to avoid execution of the judgment in the collection action "while attempting to extort an early settlement from [Defendant] in the [FDCPA action]" and that she "may very well have dismissed her Complaint entirely if the Circuit Court had ruled otherwise" are utterly lacking in factual support. Doc. No. 74 at 5. Finally, regardless of the date on which this action was first filed in the Circuit Court, Plaintiff could not have known whether she would be granted the relief she sought from the judgment in the Collection Action. However, the fact that Plaintiff ultimately obtained that relief does not indicate bad faith with respect to the FDCPA claim, which has a separate premise.

The Court also concludes that the authority Defendant cites in support of its position is unpersuasive. For example, *Ceresko v. LVNV Funding, LLC*, is distinguishable from this case because the attorney for the plaintiff in *Ceresko* previously had brought two unsuccessful lawsuits under a similar theory of liability and therefore,

had substantial notice that his client was unlikely to prevail. 484 Fed. App'x. 113, 114 (9th Cir. 2012). There are no previous unsuccessful claims at issue here. In addition, the fact that Defendant disagreed with and told Plaintiff that it disagreed with her theory of the case is not an indication that Plaintiff lacked good faith. The essence of litigation is dispute and frequently that dispute centers on the parties' different understandings of the relevant law. Differences of opinion do not amount to bad faith.

Defendant also relies upon *Eckert v. LVNV Funding LLC*, where the court determined that a party who succeeded on a motion for partial summary judgment had not "prevailed" for purposes of the FDCPA. 647 F. Supp. 2d at 1105. From this holding Defendant infers that attorney's fees should be awarded under the FDCPA when a defendant's motion for summary judgment with respect to the entire case is successful. Numerous cases indicate that this inference is unwarranted. *See, e.g.*, *Whatley v. AHF Fin. Servs.*, No. 4:11-CV-488, 2013 WL 4771466, at *3-4 (E.D. Tex. Sept. 5, 2013) (adopting a magistrate's report denying attorney's fees to a defendant who prevailed at summary judgment on its FDCPA claims); *Johnson v. Credit Prot. Ass'n*, No. 11-80604-CIV, 2013 WL 3834400, at *2 (S.D. Fla. July 24, 2013) (refusing to award attorney's fees to a defendant who prevailed at summary judgment on its FDCPA claims). If the inference were correct there would be no necessity to establish evidence of bad faith, but in fact, attorney's fees under the FDCPA are awarded at the court's discretion and only upon a showing of bad faith and harassment and are at the sound discretion of the court. 15 U.S.C. § 1692k(a)(3) (providing that *"[o]n a finding by the court* that an action under

this section was brought *in bad faith and for the purpose of harassment*, the court *may* award to the defendant attorney's fees") (emphasis supplied).

*Smith v. Argent Mortg. Co.*, on which Defendant also relies to support its position that Plaintiff's failure to make a prima facie case is equivalent to bad faith, is also readily distinguishable because the plaintiff in *Smith* offered "absolutely no evidence" to support his FDCPA claim. 331 Fed. App'x. 549, 559 (10th Cir. 2009). In addition, the court in *Smith* pointed to other factors in addition to the failure to establish a prima facie case, to support its "inference" of bad faith. *See id.* Specifically, the court in *Smith* noted evidence that the plaintiff pursued the FDCPA claim to delay a pending foreclosure. *See id.* No similar facts or motives are evident here.

With respect to the conduct of Plaintiff's attorney and the recovery of fees under 28 U.S.C. § 1927, Defendant has cited no cases and has made no argument that Plaintiff's attorney intentionally or recklessly disregarded his duties to the court. To the extent that Defendant's arguments regarding bad faith are intended to indicate the vexatious multiplication of these proceedings, the Court finds them lacking in merit.

For the reasons set forth above, the Court concludes that Defendant has failed to show that Plaintiff's FDCPA claim was "brought in bad faith and for the purpose of harassment" or that her attorney vexatiously multiplied these proceedings. 15 U.S.C. § 1692k(a)(3). Therefore, the Court finds no basis for an award of attorney's fees under

either the FDCPA or 28 U.S.C. § 1927. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion (Doc. No. 72) for costs is **GRANTED** in the amount of $785.00.

**IT IS FURTHER ORDERED** that Defendant's Motion (Doc. No. 73) for attorney's fees is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2014.

- 13 -